IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TIMOTHY BARNES,                          3:15-CV-01001-BR

       Plaintiff,                    OPINION AND ORDER

v.

ROUTH CRABTREE OLSEN, PC;
JOHN THOMAS, OSB #024691;
JANAYA CARTER, OSB #032830;
SHAYDA ZAEPOOR LE, OSB
#121547; FEDERAL NATIONAL
MORTGAGE ASSOCIATION;
SETERUS, INC.; and JOHN AND
JANE DOES 1 - 10,

       Defendants.


TIMOTHY BARNES
590 South Greenwood Rd.
Independence, OR 97351
(503) 585-9517

       Plaintiff, *Pro Se*

JANET MARIE SCHROER

1 - OPINION AND ORDER

Hart Wagner, LLP
1000 S.W. Broadway
Suite 2000
Portland, OR 97205
(503) 222-4499

       Attorneys for Defendants Routh Crabtree Olsen, PC; John
       Thomas; Janaya Carter; and Shayda Zaepoor Le

**COLIN P. MACKENZIE**
RCO Legal, P.S.
511 S.W. 10th Ave.
Suite 400
Portland, OR 97205
(503) 459-0205

       Attorneys for Defendants Federal National Mortgage
       Association and Seterus, Inc.

**BROWN, Judge.**

    This matter comes before the Court on the Motion (#15) to
Dismiss of Defendants Routh Crabtree Olsen, John Thomas, Janaya
Carter, and Shayda Zaepoor Le (Attorney Defendants); the Motion
(#18) to Dismiss of Defendants Federal National Mortgage
Association (Fannie Mae) and Seterus, Inc.; Plaintiff Timothy
Barnes's Motion (#25) to Take Judicial Notice; and Attorney
Defendants' request for judicial notice contained in their Reply
in support of their Motion to Dismiss.  For the reasons that
follow, the Court **GRANTS** Defendants' Motions to Dismiss, **GRANTS**
Barnes's Motion to Take Judicial Notice, **GRANTS** Attorney
Defendants' request for judicial notice, and **DISMISSES** this
matter **with prejudice**.

<u>**BACKGROUND**</u>

2 - OPINION AND ORDER

The following facts are taken from Plaintiff Timothy Barnes's Amended Complaint and the materials filed by the parties related to Defendants' Motions to Dismiss.

On November 15, 2007, Plaintiff entered into a "toxic predatory mortgage loan . . . secured by a Deed of Trust covering . . . Barnes's principal dwelling." Pl.'s Am. Compl. at ¶ 18 (emphasis omitted). At closing Plaintiff received "various disclosure documents" that he alleges included inaccurate information about his rescission rights.

At some point thereafter Plaintiff's November 15, 2007, Deed of Trust was assigned to the MERS System as nominee for Defendant Fannie Mae.

Plaintiff alleges he "exercised and achieved rescission" on August 4, 2010, "by sending a valid written Rescission Notice to all known interested parties." Pl.'s Am. Compl. at ¶ 21 (emphasis omitted).

## **Other Litigation**

In September 2010 Plaintiff stopped making mortgage payments as a result of which Plaintiff's creditors considered Plaintiff to be in default on his mortgage loan.

On February 4, 2011, Plaintiff filed an action in this Court against various defendants including Fannie Mae. *See Barnes v. Chase Home Fin., LLC*, No. 3:11-CV-00142-PK (the TILA action). Plaintiff alleged the defendants violated the Truth In Lending

Act (TILA), 15 U.S.C. § 1601, *et seq.,* "in connection with their
responses (or failures to respond) to Barnes's notice of his
intention to exercise his asserted right of rescission as to [the
November 2007] mortgage loan."  Magistrate Judge Paul Papak
construed Plaintiff's complaint as alleging claims for

> (i) rescission of the mortgage loan,
> (ii) declaratory judgment that defendants have no
> valid security interest in the subject property,
> (iii) statutory and actual damages in connection
> with defendants' purported failure to provide
> adequate notice of his right to rescind at or
> around the time the loan documents were signed,
> (iv) statutory and actual damages in connection
> with the Chase defendants' failure to effect
> rescission of the mortgage loan following their
> receipt of his notice of intent to exercise the
> rescission right, and (v) injunctive relief to
> enjoin the defendants from initiating or
> prosecuting non-judicial foreclosure proceedings
> on the property, from recording any deeds or
> mortgages regarding the property, or from taking
> any steps to deprive him of his ownership rights
> in the property.

*Barnes v. Chase Home Fin., LLC*, No. 3:11-CV-00142-PK, 2013 WL
3479491, at *1 (D. Or. July 8, 2013).  The parties cross-moved
for summary judgment.

On April 10, 2013, Magistrate Judge Papak issued Findings
and Recommendation in which he recommended the Court deny
Plaintiff's motion for summary judgment and grant the defendants'
motions for summary judgment.  Specifically, Magistrate Judge
Papak found in pertinent part that Plaintiff's TILA rescission
claim was untimely and "Fannie Mae's obligation to rescind
Barnes' loan was never triggered.  In consequence, Plaintiff has

4 - OPINION AND ORDER

no right under Section 1640(a) to statutory or actual damages caused by Fannie Mae's failure to effect Barnes' rescission right." *Id.*, at *8-9.  On July 8, 2013, this Court issued an Order in which it adopted the Findings and Recommendation, denied Plaintiff's motion for summary judgment, granted the defendants' motions for summary judgment, and dismissed the matter with prejudice.  3:11-CV-00142-PK, Order (#163).

On August 6, 2013, Plaintiff filed a Notice of Appeal of the TILA action to the Ninth Circuit, and Plaintiff's appeal to the Ninth Circuit is still pending.

On June 6, 2014, Fannie Mae filed a foreclosure action in Polk County Circuit Court (the Foreclosure Action).  The Attorney Defendants in this matter represented Fannie Mae in the Foreclosure Action.

In July 2014 Plaintiff filed a motion to dismiss the Foreclosure Action on the ground of "Prior Exclusive Jurisdiction, another pending action between the same parties for the same cause."  Pl.'s Am. Compl., Ex. 12 at ¶ 23. Specifically, Plaintiff asserted the Foreclosure Action should be dismissed because the TILA Action was "pending between the same parties for the same cause."  Pl.'s Am. Compl., Ex. 12 at ¶ 18.

On August 12, 2014, Fannie Mae filed a response to Plaintiff's motion to dismiss in the Foreclosure Action and asserted the "Prior Exclusive Jurisdiction rule of law" was not

at issue because, among other things, Plaintiff's "rescission claim has already been adjudicated and lost [by Plaintiff]." Pl.'s Am. Compl., Ex. 13 at ¶ 6.

On May 29, 2015, the Polk County Circuit Court held a hearing on Plaintiff's motion to dismiss and granted the motion on the ground that the TILA Action appeal was "another action pending."  Pl.'s Mot. to Take Judicial Notice, Ex. 2 at 7.

On July 21, 2015, the Polk Court Circuit Court entered an order and general judgment of dismissal in which it granted Plaintiff's motion to dismiss and dismissed the Foreclosure Action without prejudice.

On August 18, 2015, Fannie Mae filed a notice of appeal of the Foreclosure Action to the Oregon Court of Appeals, and Fannie Mae's appeal to the Oregon Court of Appeals is still pending.

## **This Action**

On June 5, 2015, Plaintiff filed his *pro se* Complaint in this Court against Attorney Defendants; Fannie Mae; and Seterus, Inc., in which he alleged this Court has jurisdiction pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692k(d).  Plaintiff, however, did not include any factual allegations to support his claim for violation of the FDCPA or facts relating to any state-law claim.  The Court, therefore, dismissed Plaintiff's Complaint *sua sponte* with leave to file an Amended Complaint.

6 - OPINION AND ORDER

On July 7, 2015, Plaintiff filed a First Amended Complaint against Attorney Defendants, Fannie Mae, and Seterus in which he alleges Defendants violated the FDCPA and the Oregon Unlawful Trade Practices Act (UTPA), Oregon Revised Statute § 646.639 and entered into a civil conspiracy when they initiated the Foreclosure Action.  Plaintiff seeks damages and injunctive relief.

On September 2, 2015, Attorney Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint on the grounds that Plaintiff did not state a claim against them for violation of the FDCPA, foreclosure on a security interest is not a debt collection under the FDCPA, and Plaintiff's FDCPA claim is barred by issue preclusion/judicial estoppel.

On September 4, 2015, Fannie Mae and Seterus filed a Motion to Dismiss in which it joined Attorney Defendants' arguments.

On October 8, 2015, in their Reply in support of their Motion to Dismiss, Attorney Defendants requested the Court take judicial notice of certain materials.

On October 20, 2015, Plaintiff also filed a Motion to take Judicial Notice.

The Court took the parties' Motions under advisement on October 20, 2015.

## **PLAINTIFF'S MOTION (#25) TO TAKE JUDICIAL NOTICE and ATTORNEY DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

7 - OPINION AND ORDER

Plaintiff requests the Court to take judicial notice of the transcripts of the oral argument conducted on Plaintiff's motion to dismiss in the Polk County Foreclosure Action.  Defendants did not file any opposition to Plaintiff's Motion, and, in addition, Attorney Defendants request the Court take judicial notice of the summons and notice that Defendants filed in the Foreclosure Action attached to the Supplemental Declaration of Janet Schroer.

## I.    Standards

Federal Rule of Evidence 201 allows a court to take judicial notice of facts that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).  The court may take judicial notice of documents that are matters of public record.  *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)(A district court may take "judicial notice of matters of public record outside the pleadings" when determining whether a complaint fails to state a claim.).

## II.   Plaintiff's Motion

As noted, Plaintiff requests the Court take judicial notice of the transcripts of the oral argument conducted on Plaintiff's motion to dismiss in the Foreclosure Action.  Defendants do not oppose Plaintiff's Motion.  The transcripts are properly authenticated and certified by the court reporter, they are matters of public record, and their accuracy is not reasonably

subject to debate.

Accordingly, the Court **GRANTS** Plaintiff's Motion and takes judicial notice of the transcripts attached to Plaintiff's Motion to Take Judicial Notice.

**III. Attorney Defendants' Request**

Attorney Defendants request the Court take judicial notice of the summons and notice filed in the Foreclosure Action and attached to the Supplemental Declaration of Janet Schroer. The summons and notice similarly are matters of record and their accuracy is not reasonably subject to debate.

Accordingly, the Court **GRANTS** Attorney Defendants' request and takes judicial notice of the summons and notice filed in the Foreclosure Action.


**DEFENDANTS' MOTIONS (#15, #18) TO DISMISS**

Defendants move to dismiss Plaintiff's FDCPA claim on the grounds that Plaintiff did not state a claim for violation of the FDCPA; foreclosing on a security interest is not a debt collection under the FDCPA; or, in the alternative, Plaintiff's FDCPA claim is precluded by the doctrines of issue preclusion and/or judicial estoppel. Defendants also move to dismiss Plaintiff's UTPA claim on the ground that Plaintiff has not stated a claim under that statute and to dismiss Plaintiff's civil conspiracy claim on the ground that Plaintiff has not

9 - OPINION AND ORDER

established Defendants entered into a conspiracy to violate the
law.

**I.   Plaintiff has not stated a claim for violation of the FDCPA.**

Defendants assert Plaintiff has not and cannot state a claim
against them for violation of the FDCPA because it is undisputed
that at the time Defendants initiated the Foreclosure Action
Fannie Mae possessed a valid and binding judgment from this Court
dismissing the TILA action with prejudice on the grounds that
Plaintiff did not rescind his mortgage and Fannie Mae did not
violate TILA.   Thus, according to Defendants, they did not
violate the FDCPA when they filed the Foreclosure Action because
at the time Fannie Mae possessed an enforceable judgment that
established the validity of the underlying mortgage.

Plaintiff asserts the Judgment in the TILA action was not
final because Plaintiff's appeal is still pending, and,
therefore, the district court Judgment was not a legitimate basis
for commencing the Foreclosure Action.   The Ninth Circuit,
however, has held "the preclusive effects of a lower court
judgment cannot be suspended simply by taking an appeal that
remains undecided."   *Hawkins v. Risley*, 984 F.2d 321, 324 (9th
Cir. 1993).   *See also Collins v. D.R. Horton, Inc.,* 505 F.3d 874,
882 (9th Cir. 2007) ("We have held that a final judgment retains
its collateral estoppel effect, if any, while pending appeal.").
Plaintiff's argument, therefore, is without merit.

On this record the Court concludes Plaintiff has not established Defendants violated the FDCPA when they initiated the Foreclosure Action.

## II. Foreclosing on a security interest is not a "debt collection" under the FDCPA.

Defendants also move the Court to dismiss Plaintiff's FDCPA claims because foreclosing on a security interest is not a debt collection within the meaning of that statute.  Although the Ninth Circuit has not considered this issue, district courts within the Ninth Circuit, including courts in this district, have addressed the issue and concluded "foreclosing on a property pursuant to a deed of trust is not a debt collection within the meaning of . . . the FDC[P]A." *Garfinkle v. JPMorgan Chase Bank*, C 11-01636 CW, 2011 WL 3157157, at *3 (N.D. Cal. July 26, 2011) (quotation omitted).  *See also Garfinkle*, 2011 WL 3157157, at *3 ("[A]lthough the Ninth Circuit Court of Appeals has not considered the issue, the weight of authority supports that a foreclosure is not a form of debt collection."); *Gamboa v. Trustee Corps*, No. 09-0007 SC, 2009 WL 656285, at *4 (N.D. Cal. Mar. 12, 2009)("[T]he law is clear that foreclosing on a property pursuant to a deed of trust is not a debt collection within the meaning of the . . . FDC[P]A"); *Landayan v. Washington Mut. Bank*, No. C-09-00916 RMW, 2009 WL 3047238, at *3 (N.D. Cal. Sept. 18, 2009)(dismissing the Plaintiff's FDCPA claim because "foreclosing on a deed of trust does not invoke the statutory protections of

11 - OPINION AND ORDER

the FDCPA"); *Jozinovich v. JP Morgan Chase Bank, N.A.*, No. C09-03326 TEH, 2010 WL 234895, at *6 (N.D. Cal. Jan. 14, 2010) ("[T]he activity of foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA."); *Izenberg v. ETS Servs.*, LLC, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008)(same); *Ines v. Countrywide Home Loans, Inc.*, No. 08cv1267 WQH (NLS), 2008 WL 4791863, at *2 (S.D. Cal. Nov. 3, 2008)(same); *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002)("Foreclosing on a trust deed is distinct from the collection of the obligation to pay money.").

The Court finds the reasoning of these cases to be persuasive and adopts that reasoning. Accordingly, the Court concludes foreclosing on a property pursuant to a deed of trust and an enforceable judgment from this Court is not a debt collection within the meaning of the FDCPA.

**III. Defendants did not violate § 1692g of the FDCPA.**

Plaintiff asserts in his Response to Defendants' Motions that Defendants violated § 1692g of the FDCPA when they failed to provide the required Notice of Debt within five days of filing the Foreclosure Action. Section 1692g(a) provides in pertinent part:

> Within five days after the initial communication
> with a consumer in connection with the collection
> of any debt, a debt collector shall, unless the
> following information is contained in the initial
> communication or the consumer has paid the debt,
> send the consumer a written notice containing

12 - OPINION AND ORDER

[various documents and statements].
Defendants point out, however, that § 1692g(d) provides "[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a) of this section." Accordingly, commencement of the Foreclosure Action did not constitute an initial communication triggering the requirements of § 1692g(a).

In addition, even if § 1692g(a) applied to the filing of the complaint in the Foreclosure Action, the record reflects Defendants served Plaintiff with the notice required by § 1692g(a) at the same time that they served Plaintiff with the summons and complaint in the Foreclosure Action. Schroer Decl., Ex. A at 1-2. The Court, therefore, concludes Defendants did not violate § 1692g.

Accordingly, the Court grants Defendants' Motions to Dismiss Plaintiff's FDCPA claim.

**IV. Plaintiff has not stated a claim for violation of the UTPA.**

Plaintiff asserts Defendants violated § 646.639 of the UTPA when they initiated the Foreclosure Action. The UTPA, however, specifically provides a "debt collector who is . . . in compliance with the requirements of the [FDCPA] shall also be considered to be in compliance with the requirements of ORS 646.639." Or. Rev. Stat. § 646.643. The Court already has concluded Defendants were in compliance with the requirements of

the FDCPA when they initiated the Foreclosure Action.  The Court,
therefore, also concludes pursuant to § 646.643 that Defendants
were in compliance with the requirements of § 646.639 of the
UTPA.

Accordingly, the Court grants Defendants' Motions to Dismiss
Plaintiff's UTPA claim.

**V.   Plaintiff has not stated a claim for civil conspiracy.**

Plaintiff alleges Defendants entered into a civil conspiracy
when they violated the FDCPA and/or the UTPA.

When "several individuals conspire to commit a tort, they
may all be held liable for the tort under a civil conspiracy
theory even if one or more of the individuals did not commit all
of the requisite acts comprising the tort." *Holloway v.
Clackamas River Water*, No. 3:13-CV-01878-AC, 2014 WL 6998069, at
*6 (D. Or. Sept. 9, 2014)(citing *Morasch v. Hood*, 232 Or. App.
392, 402 (2009)), *adopted* December 9, 2014.  Civil conspiracy,
however, is a theory under which tortfeasors may be held liable
under a substantive cause of action rather than a separate cause
of action or ground for recovery.  *Holloway*, 2014 WL 6998069, at
*6 (citing *Granewich v. Harding*, 329 Or. 47, 53 (1999)).  *See
also Morasch*, 232 Or. App. at 402 ("civil conspiracy is not,
itself, a separate tort for which damages may be recovered;
rather it is a way [ ] in which a person may become jointly
liable for another's tortious conduct.").  "[C]onspiracy to

14 - OPINION AND ORDER

commit or aiding and assisting in the commission of a tort are two of several ways in which a person may become jointly liable for another's tortuous conduct." *Granewich,* 329 Or. at 53.

Because civil conspiracy is not a separate cause of action and because Plaintiff has not established Defendants violated the FDCPA or the UTPA, the Court grants Defendants' Motions to Dismiss Plaintiff's claim for civil conspiracy.

## VI.  Dismissal with Prejudice

The Court has concluded foreclosure on a trust deed is not a debt collection under the FDCPA, that Defendants are in compliance with the FDCPA, and that Defendants are not liable under § 646.639 of the UTPA.  Accordingly, there is not any basis on which Plaintiff can assert such claims against Defendants.  In addition, because Plaintiff already has had two opportunities to plead his claims against Defendants in this action, the Court declines to grant Plaintiff leave to file a Second Amended Complaint.  The Court, therefore, dismisses this matter with prejudice.


<u>CONCLUSION</u>

For these reasons, the Court **GRANTS** Attorney Defendants' Motion (#15) to Dismiss, **GRANTS** the Motion (#18) to Dismiss of Defendants Fannie Mae and Seterus, **GRANTS** Plaintiff's Motion (#25) to Take Judicial Notice, **GRANTS** Attorney Defendants'

15 - OPINION AND ORDER

request for judicial notice contained in their Reply, and

**DISMISSES** this matter **with prejudice**.

     IT IS SO ORDERED.

     DATED this 7th day of January, 2016.


                         /s/ Anna J. Brown

                        _____
                        ANNA J. BROWN
                        United States District Judge

16 - OPINION AND ORDER