IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TIMOTHY BARNES,                          3:15-CV-01001-BR

          Plaintiff,                     OPINION AND ORDER

v.

ROUTH CRABTREE OLSEN, PC;
JOHN THOMAS, OSB #024691;
JANAYA CARTER, OSB #032830;
SHAYDA ZAEPOOR LE, OSB
#121547; FEDERAL NATIONAL
MORTGAGE ASSOCIATION;
SETERUS, INC.; and JOHN AND
JANE DOES 1-10,

          Defendants.


TIMOTHY BARNES
590 South Greenwood Rd.
Independence, OR 97351
(503) 585-9517

          Plaintiff, *Pro Se*

JANET MARIE SCHROER
Hart Wagner, LLP
1000 S.W. Broadway
Suite 2000
Portland, OR 97205
(503) 222-4499

          Attorneys for Defendants Routh Crabtree Olsen, PC; John
          Thomas; Janaya Carter; and Shayda Zaepoor Le

1 - OPINION AND ORDER

COLIN P. MACKENZIE
RCO Legal, P.S.
511 S.W. 10th Ave.
Suite 400
Portland, OR 97205
(503) 459-0205

       Attorneys for Defendants Federal National Mortgage
       Association and Seterus, Inc.

**BROWN, Judge.**

This matter comes before the Court on the Rule 59(e) Motion (#29) of Plaintiff Timothy Barnes.  For the reasons that follow, the Court **DENIES** Plaintiff's Motion.


## BACKGROUND

On November 15, 2007, Plaintiff entered into a mortgage loan secured by a Deed of Trust.  At some point thereafter Plaintiff's November 15, 2007, Deed of Trust was assigned to the MERS System as nominee for Defendant Federal National Mortgage Association (Fannie Mae).

In September 2010 Plaintiff stopped making mortgage payments as a result of which Plaintiff's creditors considered Plaintiff to be in default on his mortgage loan.

On February 4, 2011, Plaintiff filed an action in the United States District Court for the District of Oregon against various Defendants including Fannie Mae.  *See Barnes v. Chase Home Fin., LLC*, No. 3:11-CV-00142-PK (the TILA Action).  The parties cross-

2 - OPINION AND ORDER

moved for summary judgment.

On April 10, 2013, Magistrate Judge Paul Papak issued Findings and Recommendation in which he recommended the Court deny Plaintiff's Motion for Summary Judgment and grant the Defendants' Motions for Summary Judgment.  On July 8, 2013, this Court issued an Order in which it adopted the Findings and Recommendation, denied Plaintiff's Motion for Summary Judgment, granted Defendants' Motions for Summary Judgment, and dismissed the matter with prejudice.  3:11-CV-00142-PK, Order (#163).

On August 6, 2013, Plaintiff filed a Notice of Appeal of the TILA action to the Ninth Circuit.  Plaintiff's appeal is still pending.

On June 6, 2014, Fannie Mae filed a foreclosure action in Polk County Circuit Court (the Foreclosure Action).  John Tomas, Janaya Carter, and Shayda Zaepoor Le of Routh Crabtree Olsen, PC (Attorney Defendants in this matter), represented Fannie Mae in the Foreclosure Action.

In July 2014 Plaintiff filed a motion to dismiss the Foreclosure Action on the ground of "Prior Exclusive Jurisdiction, another pending action between the same parties for the same cause."  Pl.'s Am. Compl., Ex. 12 at ¶ 23.

On May 29, 2015, the Polk County Circuit Court held a hearing on Plaintiff's motion to dismiss and granted the motion on the ground that the TILA Action appeal was "another action

pending." Pl.'s Mot. to Take Judicial Notice, Ex. 2 at 7.

On July 21, 2015, the Polk Court Circuit Court entered an order and general judgment of dismissal in which it granted Plaintiff's motion to dismiss and dismissed the Foreclosure Action without prejudice.

On August 18, 2015, Fannie Mae filed a notice of appeal of the Foreclosure Action to the Oregon Court of Appeals. Fannie Mae's appeal is still pending.

On June 5, 2015, Plaintiff filed a *pro se* Complaint in this Court against Attorney Defendants; Fannie Mae; and Seterus, Inc., in which he alleged this Court has jurisdiction pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692k(d). Plaintiff, however, did not include any factual allegations to support his claim for violation of the FDCPA or facts relating to any state-law claim. The Court, therefore, dismissed Plaintiff's Complaint *sua sponte* with leave to file an Amended Complaint.

On July 7, 2015, Plaintiff filed a First Amended Complaint against Attorney Defendants, Fannie Mae, and Seterus in which he alleged Defendants violated the FDCPA and the Oregon Unlawful Trade Practices Act (UTPA), Oregon Revised Statute § 646.639, and entered into a civil conspiracy when they initiated the Foreclosure Action.

On September 2, 2015, Attorney Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint on the grounds that

4 - OPINION AND ORDER

Plaintiff did not state a claim against them for violation of the FDCPA, foreclosure on a security interest is not a debt collection under the FDCPA, and Plaintiff's FDCPA claim is barred by issue preclusion/judicial estoppel.

On September 4, 2015, Fannie Mae and Seterus filed a Motion to Dismiss in which they joined Attorney Defendants' arguments.

On October 8, 2015, in their Reply in support of their Motion to Dismiss, Attorney Defendants requested the Court take judicial notice of certain materials.

On October 20, 2015, Plaintiff also filed a Motion to Take Judicial Notice.

On January 7, 2016, the Court issued an Opinion and Order in which it granted the parties' Motions to Take Judicial Notice and granted Defendants' Motions to Dismiss. Specifically, the Court held (1) Plaintiff did not and could not state a claim for violation of the FDCPA because it is undisputed that at the time Defendants initiated the Foreclosure Action, Fannie Mae possessed a valid and binding judgment from this Court dismissing the TILA Action with prejudice on the grounds that Plaintiff did not rescind his mortgage and Fannie Mae did not violate TILA; (2) foreclosing on a property pursuant to a deed of trust and an enforceable judgment from this Court is not a debt collection within the meaning of the FDCPA; (3) commencement of the Foreclosure Action does not constitute an initial communication

5 - OPINION AND ORDER

triggering the requirements of § 1692g(a) of the FDCPA and even if § 1692g(a) applied to the filing of the complaint in the Foreclosure Action, the record reflects Defendants served Plaintiff with the notice required by § 1692g(a) at the same time that they served Plaintiff with the summons and complaint in the Foreclosure Action; (4) Defendants were in compliance with the requirements of § 646.639 of the UTPA; and (5) Plaintiff failed to state a claim for civil conspiracy to violate the FDCPA and/or the UTPA.  The Court entered a Judgment dismissing this matter with prejudice on January 7, 2016.

On January 21, 2016, Plaintiff filed a Rule 59(e) Motion in which he moves the Court to set aside the Judgment in this matter.  The Court took the matter under advisement on February 23, 2016.

On April 19, 2016, Plaintiff filed supplemental legal authority in support of his Motion.

## STANDARDS

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or to amend judgment no later than 28 days after the entry of judgment.  "[A] Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'"  *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014)(quoting *Kona Enters., Inc. v.*

6 - OPINION AND ORDER

*Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).  "A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'"  *Id.* (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999)).

<u>**DISCUSSION**</u>

In his Motion Plaintiff does not rely on newly-discovered evidence or an intervening change in controlling law.  Instead Plaintiff asserts relief under Rule 59(e) is warranted because this Court committed clear error.

In particular, Plaintiff asserts the Court erred when it granted Plaintiff's Motion to Take Judicial Notice but failed to consider the "papers" filed by the Consumer Financial Protection Bureau (CFPB) in a separate matter that was not identified in Plaintiff's Motion to Take Judicial Notice.  Moreover, those papers filed by the CFPB were not attached to Plaintiff's Motion to Take Judicial Notice.  The Court, therefore, concludes it did not commit clear error when it did not consider unattached and insufficiently identified materials.

In his Rule 59(e) Motion, however, Plaintiff now identifies the papers filed by the CFPB referred to in his Motion to Take Judicial Notice.  The papers are *amicus* briefs filed by the CFPB

7 - OPINION AND ORDER

in matters that are unrelated to this action and currently
pending in the Ninth and Third Circuits.  The Ninth and Third
Circuits have not issued rulings in those matters and have not
indicated whether they intend to adopt the arguments set out in
the CFPB *amicus* briefs.  The Court, therefore, concludes those
briefs would not have altered the Court's January 7, 2016,
Opinion and Order granting Defendants' Motions to Dismiss.
Accordingly, the Court concludes the *amicus* briefs relied on by
Plaintiff do not establish the Court committed clear error when
it granted Defendants' Motions to Dismiss.

Plaintiff also relies on his April 19, 2016, filing to
support his Motion.  The Court notes Plaintiff submitted his
April 19, 2016, materials well beyond the deadline to file his
Reply and without leave of Court to file additional materials.
The Court, nevertheless, considers Plaintiff's supplemental
filing.  In his supplemental filing Plaintiff points to a case
decided by the Alaska Supreme Court in which that court held the
trial court did not err when it concluded, among other things,
that the FDCPA applies to mortgage foreclosures.  *Alaska Trustee,*
*LLC v. Ambridge*, S-14915, at 16 (Alaska Supreme Court Mar. 4,
2016).  In reaching that conclusion, however, the Alaska Supreme
Court recognized numerous district courts in the Ninth Circuit
have reached the opposite conclusion, including courts in this
District.  In addition, the Alaska Supreme Court relied on cases

8 - OPINION AND ORDER

from the Sixth and Fourth Circuits to support its conclusion. This Court is not bound by the decisions of the Sixth and Fourth Circuits nor the decision of the Alaska Supreme Court and does not find the reasoning of *Ambridge* persuasive.  Accordingly, the Court concludes *Ambridge* does not establish this Court committed clear error when it granted Defendants' Motions to Dismiss.

In the remainder of his Rule 59(e) Motion Plaintiff reiterates the arguments contained in his Responses to Defendants' Motions to Dismiss and in his Motion to Take Judicial Notice.  This Court has carefully considered Plaintiff's arguments and concludes they do not provide a basis to alter or to amend the Judgment.  The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in its January 7, 2016, Opinion and Order.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Rule 59(e) Motion (#29).

IT IS SO ORDERED.

DATED this 20th day of April, 2016.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

9 - OPINION AND ORDER